Julie A. Marquis (SBN 178466)
jmarquis@fmglaw.com
Craig A. Tomlins (SBN 272678)
ctomlins@fmglaw.com
Nicole M. Clowdsley (SBN 308669)
nclowdsley@fmglaw.com
Jasmyne Shaw (SBN 347914)
Jasmyne.shaw@fmglaw.com
**FREEMAN MATHIS & GARY, LLP**
1010 B Street, Suite 400
San Rafael, California 94901
Telephone:     415.394.9500
Facsimile:     833.317.0293

*Attorneys for Defendants*
Atlas Field Services, LLC and Craig Taylor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BARRY BLACK**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ATLAS FIELD SERVICES, LLC**, a Texas Limited Liability Company; **CRAIG TAYLOR**, an individual, and DOES 1-20,<br><br>Defendants. | Case No.: 5:23-cv-00171<br><br>**DEFENDANTS ATLAS FIELD SERVICES, LLC AND CRAIG TAYLOR'S NOTICE OF REMOVAL [Diversity of Citizenship Jurisdiction, 28 U.S.C. §§ 1332, 1441]**<br><br>[Santa Cruz County Superior Case No. 22CV02397]<br><br>Complaint Filed: October 24, 2022 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF BARRY BLACK AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendants ATLAS FIELD SERVICES, LLC and CRAIG TAYLOR (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of California, County of Santa Cruz, to the United States District Court for the Northern District

of California, pursuant to 28 U.S.C. sections 1332, 1441 (a) and (b), and 1446. This case is being removed upon complete diversity of citizenship. The grounds for removal are as follows:

## I. JURISDICTION

1. The United States District Court has original jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a)(1). This case may be removed pursuant to 28 U.S.C. §§ 1441(a), (b) and 1446 because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is a civil action between citizens of different states.

## II. VENUE AND JURISDICTIONAL ASSIGNMENT

2. Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes Santa Cruz County, California, where the State Court Action was filed and is pending.

3. The State Court Action was filed in Santa Cruz County, and thus assignment in the San Jose Division is appropriate. (*See* Northern District Local Rules, Rule 3-2(e).)

## III. GENERAL INFORMATION

4. On October 24, 2022, Plaintiff filed a Complaint ("the Complaint") in the Superior Court of California, County of Santa Cruz, alleging: (1) Failure to Pay Contractual Damages; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Overtime/Double Time Wages; (4) Failure to Provide Timely and Complete Meal Periods or Pay Additional Wages in Lieu Thereof; (5) Failure to Provide Timely and Complete Rest Periods or Pay Additional Wages in Lieu Thereof; (6) Failure to Reimburse Employees for Necessary Business Expenditures; (7) Failure to Pay Wages of Terminated or Resigned Employees; (8) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions; (9) Violation of the WARN Act; and (10) Violation of Unfair Competition Law.

5. Plaintiff has plead this matter as a wage and hour class action whereby he seeks to recover on behalf of a putative class defined as all "non-exempt employees employed by, or formerly employed by, Defendants in California at any time within the four years preceding the filing of the Complaint."

6. On December 13, 2022, Plaintiff personally served Defendant Atlas Field Services, LLC's agent for service of process a copy of the Summons and Complaint entitled *Barry Black v. Atlas Field Services, LLC, Craig Taylor, and DOES 1-20,* Case No. 22CV02367 filed in the Superior Court of California, County of Santa Cruz.

7. On January 3, 2023, Plaintiff served by mail and acknowledgement of receipt of service on Defendant Craig Taylor a copy of the Summons and Complaint entitled *Barry Black v. Atlas Field Services, LLC, Craig Taylor, and DOES 1-20,* Case No. 22CV02367 filed in the Superior Court of California, County of Santa Cruz.

8. A true and correct copy of the Complaint, along with all pleadings and process served on Defendant in this matter to date, are attached as Exhibits A through C to the Declaration of Julie A. Marquis in Support of Defendants Atlas Field Services LLC and Craig Taylor's Notice of Removal filed concurrently herewith ("Marquis Decl."). Pursuant to 28 U.S.C. section 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendants or filed or received in this action by Defendants.

### IV.     TIMELINESS OF REMOVAL

9. This Notice of Removal is filed within 30 days after Defendants were served with the Complaint, in accordance with 28 U.S.C. section 1446(b)(1); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-349 (1999) (the time for a defendant to remove an action is triggered by simultaneous service of the summons and complaint).

### V.     DIVERSITY JURISDICTION

10. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.     The Parties Are Diverse**

11. Plaintiff Barry Black is a citizen of the state of Illinois and has been a citizen of Illinois at all times relevant to this action. (*See*, Marquis Decl., Exhibit A at ¶7.)

12. Defendant Atlas Field Services, LLC ("Atlas") is a limited liability company organized

under the laws of the State of Texas. The citizenship of a limited liability company is the citizenship of its members. *See*, *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.,* 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Vill. Assocs., Ltd. P'ship,* 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998); *TPS Utilicom Servs., Inc. v. AT&T Corp.,* 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company … is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction."). Defendant Atlas Field Services, LLC is a single member limited liability company. Its sole member is Craig Taylor, who is a citizen of the State of Texas. Accordingly, Defendant Atlas Field Services, LLC is a citizen of the State of Texas. (*See*, Marquis Decl., Exhibit A at ¶8.)

13. Defendant Craig Taylor is a citizen of the State of Texas and has been a citizen of the State of Texas at all times relevant to this action.

14. The defendants designated as Does 1 through 20 are fictitious defendants whose citizenship is to be disregarded for purposes of removal pursuant to 28 U.S.C. section 1441(a). 28 U.S.C. § 1441(a); *Fristoe v. Reynolds Metal Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980); *Newcombe v. Adolf Coors Co.*, 157 F. 3d 686, 690-691 (9th Cir. 1998).

15. Accordingly, Defendants are not citizens of the state of California and complete diversity of citizenship exists.

**B.    The Amount in Controversy Exceeds the Jurisdictional Prerequisite**

16. Pursuant to 28 U.S.C. 1446(c), Defendants need only establish by a preponderance of evidence that the amount in controversy exceeds the jurisdictional minimum amount of this Court, or $75,000.  (*See* 28 U.S.C. 1332(a) and 1446(c).)

17. Defendants can meet this burden by showing that the "facially apparent" allegations in the Complaint demonstrate the amount in controversy. (*Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295,

298 (1999); *Harris v. Bankers Life and Casualty Co.*, 425 F. 3d 689, 693-694 (9th Cir. 2005) ("notice of removability . . . is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry").)

18. Plaintiff's Complaint does not expressly state the amount of damages sought. The failure of the Complaint to specify the total amount of damages sought by Plaintiff, however, does not deprive this Court of jurisdiction. (*See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim").)

19. Plaintiff seeks to recover damages on behalf of himself and a putative class consisting of all current and former non-exempt employees employed by Defendants in the State of California at any time during the four years preceding the filing of the Complaint. (Marquis Decl., Exhibit A, Page 3, ¶ 11.)

20. Plaintiff claims he is entitled to recover compensatory damages, including, but not limited to back pay, minimum wages, contractual wages, and overtime and double time premium wages, as well as meal and rest period premium wages, liquidated damages, statutory and civil penalties, and attorneys' fees. (Marquis Decl., Exhibit A, Page 27-28 Prayer for Relief.)

21. Defendants deny Plaintiff is entitled to any recovery in this action whatsoever. Defendants also dispute that Plaintiff has standing to pursue this matter as a class action. By filing this Notice of Removal, Defendants do not waive any defense or claims that may otherwise be available to them. Without waiving this position, and in light of the allegations in Plaintiff's Complaint, for purposes of demonstrating that the alleged amount in controversy exceeds the jurisdictional minimum amount of this Court, Defendants provide the following estimated damages based on the "facially apparent" allegations in the Complaint.

   **1. Potential Monetary Damages Sought Pursuant to Plaintiff's Ninth Cause of Action for Violation of the WARN Act Exceed the Jurisdictionally Required Amount In Controversy.**

22. Plaintiff alleges Defendants violated the WARN Act by committing a mass layoff

without notice. (Marquis Decl., Exhibit A, Page 23, ¶ 116.) Plaintiff alleges "Defendants were a covered establishment because they employed 75 or more persons during the 12-month period preceding the mass layoff." (Marquis Decl., Exhibit A, Page 23, ¶ 118.) Plaintiff alleges Defendant committed "no fewer than two waves of mass layoffs in September, 2022, which amounted to a mass layoff." (*See id.* at Page 23-24, ¶ 119.) A mass layoff is a layoff during any 30-day period of 50 or more employees. (Cal. Lab. Code §1400.)

23.   Plaintiff alleges that as a result of the alleged violation of the WARN Act he, and the putative class members, are entitled to back pay and the value of lost benefits, pursuant to Labor Code §1402. (*Id.* at Page 24, ¶ 121.)

24.   Pursuant to Labor Code §1402(a), an employer who fails to give notice as required by statute before ordering a mass layoff is liable to each employee entitled to notice for back pay at the average regular rate of compensation received by the employee during the last three years of his or her employment, or the employee's final rate of compensation, whichever is higher. Liability under Labor Code §1402 is calculated for the period of the employer's violation, up to a maximum of 60 days. (Cal. Labor Code §1402(b).)

25.   For purposes of determining the amount in controversy for this cause of action, Defendant examines its potential liability based on an estimation of back pay recoverable by the affected employees for the maximum 60 day period for which liability can be calculated under Labor Code §1402. To that end, Atlas compensates employees in accordance with the minimum wage requirements of the State of California. The minimum wage in California at the time of the alleged violation was $15.00 per hour. Assuming that Atlas' employees were paid at least the minimum wage of $15.00 per hour, the rate of back pay would be $120.00 per day ($15.00/hour x 8 hour workday) per affected employee. Multiplying the rate of back pay by the maximum liability period of 60 days would amount to at least $7,200 in penalties per affected individual. As Plaintiff alleged that this violation impacted at least 50 employees, the amount of recoverable back pay would then be multiplied by the number of employees who were part of the allegedly unlawful mass layoff in violation of the WARN Act. Assuming Plaintiff could successfully advance this cause of action, Plaintiff and the purported

class members would hypothetically be entitled to seek recovery of up to $360,000. This amount would undoubtedly increase if the actual amounts paid to employees, which regularly exceeded the $15.00 per hour minimum wage, were factored into the above damages calculations. Thus, potential liability (or the amount in controversy) for damages as to this cause of action – alone – exceeds the minimum jurisdictional requirements.

**2. There Are Additional Amounts in Controversy for Plaintiff's Attorneys' Fees**

26. Plaintiff seeks to recover attorneys' fees. (Marquis Decl. Exhibit A, Page 28 Prayer for Relief.) Attorneys' fees are included in calculating the amount in controversy. (*Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *see Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000).)

27. Under the California Labor Code, the Court may award reasonable attorneys' fees to Plaintiff if he is the prevailing party. (*See* Cal. Lab. Code §§ 218.5, 1194(a).) Plaintiff's first through ninth causes of action arise out of alleged violations of the California Labor Code.

28. Attorney's fees awards in employment claims asserted under the California Labor Code, particularly in the class action format, regularly exceed $75,000. (*See e.g., Betancourt v. OS Restaurant Services, LLC,* 83 Cal.App.5th 132 ($280,000 in attorneys' fees awarded in a single-plaintiff wage and hour matter); *Martinez v. Patrick Treacy Inc.*, WL 16647842 (2022) ($80,000 in attorneys' fees awarded to the class counsel); *Magrdchian v. TPPJ S. Pasadena LLC*, WL 9682283 (2021) ($50,000 in attorneys' fees awarded).)

29. Here, if Plaintiff prevails on his claims at trial (which Defendant contends he will not), Plaintiff's attorney's fees will likely exceed $75,000. This is based on an estimate that an hourly billing rate of $400 per hour applies and that Plaintiff's counsel will expend in excess of 200 hours prosecuting this case, which amounts to $80,000.00 in fees.

### 3. The Aggregate Amount In Controversy Far Exceeds the Jurisdictional Minimum

30. Based on the foregoing assessment of a single cause of action and potential recovery of statutorily recoverable attorneys' fees, the aggregate amount in controversy well exceeds $75,000. Removal of this action is therefore proper as the amount in controversy exceeds the jurisdictional amount and, as shown above, there is complete diversity of citizenship between the parties.

### VI. NOTICE TO COURT AND ADVERSE PARTIES

31. Pursuant to 28 U.S.C. section 1446(d), Defendants provide written notice of this removal to Plaintiff, Plaintiff's counsel, and a copy of this notice to the Clerk of the Superior Court of California, County of Santa Cruz.

Dated: January 12, 2023

FREEMAN MATHIS & GARY, LLP

By: _____
Julie A. Marquis
Nicole M. Clowdsley
Jasmyne Shaw
Attorneys for Defendants
ATLAS FIELD SERVICES, LLC and
CRAIG TAYLOR

**PROOF OF SERVICE**

I declare that I am employed in the County of Marin, State of California. I am over the age of eighteen years at the time of service and not a party to the within cause. My employment address is 1010 B Street, Suite 400, San Rafael, CA 94901 and my electronic service address is joseph.artieres@fmglaw.com.

On January 12, 2023, I served copies of the attached document(s) entitled:

**DEFENDANTS ATLAS FIELD SERVICES, LLC AND CRAIG TAYLOR'S NOTICE OF REMOVAL**
**[Diversity of Citizenship Jurisdiction,**
**28 U.S.C. §§ 1332, 1441]**

on the interested parties in this action addressed as follows:

**_Attorneys for Plaintiffs_**
Stan Mallison
Hector Martinez
Dan Keller
**MALLISON & MARTINEZ**
1939 Harrison St., Suite 730
Oakland, CA 94612
Telephone: (510) 832-9999
Facsimile: (510) 832-1101
Email: StanM@TheMMLawFirm.com
HectorM@TheMMLawFirm.com
jgamboa@themmlawfirm.com
cjuarez@themmlawfirm.com
enotices@themmlawfirm.com

in the manner set forth below:

[X] **BY U.S. MAIL.** I caused the document to be placed in such envelope, addressed as above by first-class mail, postage prepaid, for collection and mailing at my business address following our ordinary business practices. I am readily familiar with our ordinary business course of collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business on the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service for delivery to the addressee.

[ ] **Pursuant to rule 5 of Federal Rules of Procedure, I served the following attorneys by filing on the Court's ECF system. BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the documents to be sent from e-mail address joseph.artieres@fmglaw.com to the persons at the email addresses listed in the Service List. The document(s) were transmitted at or before

1  5:30 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that transmission was unsuccessful.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the documents to be sent from e-mail address joseph.artieres@fmglaw.com to the persons at the email addresses listed in the Service List. The document(s) were transmitted at or before 5:30 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that transmission was unsuccessful.

☒ **FEDERAL.** I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 12, 2023, at San Rafael, California.

_____
Joseph Artieres