United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BLACK, <br>     Plaintiff, <br> v. <br> ATLAS FIELD SERVICES, LLC, and CRAIG TAYLOR, <br>     Defendants. | No. C 23-00171 WHA <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

    Plaintiff moves for leave to amend his complaint such that he may file an entirely new complaint, removing all prior claims and adding a single new claim. Defendants do not oppose (Dkt. Nos. 13, 16). This action was removed by defendants in January 2023. The removed complaint largely mirrors that of a related action already before the undersigned, which was filed in July 2020 and consisted of different plaintiffs — represented by same counsel — against the same defendants, also represented by same counsel (*see* Dkt. No. 20 (relating action to *Daniel v. Atlas Field Services, LLC*, No. C 20-04415 WHA)). This order follows plaintiff's motion briefing (as defendants do not oppose) and oral argument.

    In *Daniel*, the original complaint asserted various wage-and-hour claims on a putative class action basis for violations of California and federal labor laws. It was then amended to add a California Private Attorneys General Act (PAGA) claim in August 2020. A case management scheduling order set a deadline of May 2021 to move for class certification. A week before the deadline, the *Daniel* plaintiffs moved to extend that class certification

deadline. An order denied the extension due to evidence showing plaintiffs' own lack of diligence in pursuing discovery and prosecuting their case (*see* Dkt. No. 29, *Daniel*, No. C 20-04415 WHA (N.D. Cal. May 6, 2021)). In April 2022, with trial imminent, plaintiffs moved to approve settlement of their PAGA claims of 40 aggrieved employees. That settlement was denied because it (1) sought only nominal recovery for each aggrieved employee within the relevant PAGA period, and (2) the settlement agreement described a far broader release of claims than had been represented (*see* Dkt. No. 52 at 5–6, 7–9, *Daniel*, No. C 20-04415 WHA). At the settlement approval hearing, counsel for plaintiffs — the same counsel who represent plaintiffs here — affirmed that they would "take [the undersigned's] comments to heart" and "make sure we correct everything" (*id.* at 9). Plaintiffs submitted a second proposed settlement in August 2022, which was again denied because it turned out to be a resubmission of "the exact same settlement agreement that was previously rejected" (Dkt. No. 50, *Daniel*, No. C 20-04415 WHA (N.D. Cal. Aug. 9, 2022)). In February 2023, the *Daniel* parties stipulated to dismiss all individual claims with prejudice, and the PAGA claim without prejudice.

Turning back to the instant action, plaintiff now moves to amend his complaint, "dropping the individual and class claims, and proceeding solely under PAGA" (Br. 3, Dkt. No. 13). Plaintiff explains that:

> After filing this case, Plaintiff had held off on adding a PAGA claim, for strategic reasons, to avoid a finding of relatedness to the then-pending *Daniel* case, because of overlapping PAGA claims. At the time Plaintiff filed this case, discovery was closed in *Daniel* and the deadline to move for class certification had passed, with no motion having been filed. Thus, Plaintiff feared to some degree inheriting the procedural disadvantages present in *Daniel*.

(Br. 2).

Our court of appeals has explained Rule 15's instruction that "leave [to amend] shall be freely given when justice so requires" is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Nevertheless, "[a] motion to amend is addressed to the sound discretion of the court, and must be decided upon the facts and

2

circumstances of each particular case." *Sackett v. Beaman*, 399 F.2d 884, 889 (9th Cir. 1968) (citing *Caddy-Imler Creations, Inc. v. Caddy*, 299 F.2d 79, 84 (9th Cir. 1962)). In doing so, courts consider the following factors:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Ibid.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Those factors are not weighed equally however, as "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Aspeon, Inc.*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)).

Keeping the foregoing in mind, here plaintiff openly admits the dilatory motive of waiting for *Daniel* to be dismissed so counsel may have a second shot at asserting a PAGA claim. Therein lies the rub. Again, this action involves the same counsel all around as in *Daniel*. Either plaintiff means to exhume *Daniel* and continue to litigate that PAGA claim here, or plaintiff untimely seeks to add a PAGA claim somehow distinct from that in *Daniel* but deriving from the same set of facts. This order will not bless counsel's belated efforts to make up for prior lack thereof, and finds this motion to amend made in bad faith.

To be clear, plaintiff proffers no reason beyond counsel's conscious strategic maneuvering to explain the delay in amending his complaint. "[U]ndue delay combined with bad faith is enough to justify a denial of a motion to amend." *Cf. Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011) (Judge Edward M. Chen), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012). Curiously, defendants do not oppose amendment here, despite the fact that there is certainly prejudice in exchanging a complaint asserting individual wage-and-hour claims for one that asserts a PAGA claim which carries statutory penalties on a representative capacity. This order will not speculate on any unstated motives of the parties; the stated motive of strategic maneuvering, the prejudice to defendants that the amended

3

complaint represents, and the delay in seeking amendment combine to warrant denial of leave to amend. Plaintiff's motion for leave to file a first amended complaint is **DENIED**.

*Daniel* was substantially similar to this action, involving over two years of litigation which included a full discovery period. The parties, being represented by same counsel on both sides, are familiar with the underlying facts, as well as what their litigation strategies are (or should be). In the joint case management statement, plaintiff represents that he "will also consider filing a motion to remand once he files his FAC," while defendants represent they "intend to file a Motion to Compel Arbitration, if necessary" (Dkt. No. 26 at 3–4). Given the foregoing, both sides have until **SEPTEMBER 12, 2023**, to file those respective motions (if at all), noticed on the normal 35-day track.

**IT IS SO ORDERED.**

Dated: August 28, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4