UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARRY BLACK,

    Plaintiff,

v.

ATLAS FIELD SERVICES, LLC, and CRAIG TAYLOR,

    Defendants.

No. C 23-00171 WHA

**ORDER RE DISMISSAL**

    A prior order denied plaintiff leave to amend his complaint by filing an entirely new complaint removing all prior putative class claims and adding a single new California Private Attorneys General Act (PAGA) claim. In sum, plaintiff's "stated motive of strategic maneuvering, the prejudice to defendants that the amended complaint represents, and the delay in seeking amendment combine to warrant denial of leave to amend." *Black v. Atlas Field Servs., LLC*, No. C 23-00171 WHA, 2023 WL 5600084, at *2 (N.D. Cal. Aug. 28, 2023).

    Plaintiff now moves to dismiss this action without prejudice (Dkt. No. 34). He asserts that dismissal is appropriate because "the class claims in this case are covered by an alleged arbitration agreement" (Br. 1). Furthermore, "[b]ecause the Court recently denied Plaintiff's request to amend his complaint to add his PAGA claim, he filed that claim in state court, and it is not removable under any theory of subject matter jurisdiction" (*ibid.*). This order follows motion and opposition briefing and finds the motion suitable for disposition on the papers

under Civil Local Rule 7-1(b) without reply briefing. The October 12, 2023, hearing is hereby **VACATED**.

Defendants oppose dismissal only to the extent that dismissal should be with prejudice (Opp. 4). To that end, plaintiff argues "[t]he general rule is that dismissal by a plaintiff in the first instance should be without prejudice," citing Rule 41(a)(1)(B) (Br. 4). As our prior order laid out however, this action is hardly the "first instance" of these claims. *See Black*, 2023 WL 5600084, at *2. Furthermore, Rule 41(a)(1) governs dismissals pursuant to stipulation. On the other hand, where a plaintiff requests dismissal without a stipulation as here, Rule 41(a)(2) explains that such dismissals are "only by court order, on terms that the court considers proper."

"Rule 41 generally gives district courts wide discretion to determine whether the dismissal is with prejudice or without prejudice." *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016) (citing *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002)). Plaintiff's request to dismiss is granted, and plaintiff has identified no proper basis that could warrant refiling. Given the circumstances, this action is thus **DISMISSED WITH PREJUDICE**. Because "[t]he phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice,'" judgment will be entered accordingly. *Ibid.* (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).

**IT IS SO ORDERED.**

Dated: September 21, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE